**Electronically Filed
Intermediate Court of Appeals
29794
30-APR-2013
08:43 AM**

NOS. 29794, 29795 AND 29796

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


NO. 29794

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
NELSON KUUALOHA ARMITAGE, Defendant-Appellant.
(CASE NO. 2P106-02017)


NO. 29795

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
RUSSELL K. KAHOOKELE, Defendant-Appellant.
(CASE NO. 2P106-02018)


NO. 29796

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
HENRY MAILE NOA, Defendant-Appellant.
(CASE NO. 2P106-01909)


APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
WAILUKU DIVISION


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Fujise and Leonard, JJ.)


In these consolidated appeals, Defendants-Appellants
Nelson Kuualoha Armitage (Armitage), Russell K. Kahookele
(Kahookele), and Henry Maile Noa (Noa) (collectively,

"Defendants") were each charged in separate cases with entering into the Kaho'olawe island reserve (Reserve) without authorization, in violation of Hawai'i Administrative Rules (HAR) § 13-261-10 (2002). HAR § 13-261-10 provides in relevant part:

> No person or vessel shall enter or attempt to enter into or remain within the reserve[1/] unless such person or vessel: (a) Is specifically authorized to do so by the commission[2/] or its authorized representative as provided in section 13-261-11; or, (b) Is specifically authorized to do so through a written agreement approved by the commission
> . . . .

(Format altered.) A violation of HAR § 13-261-10 is a petty misdemeanor. Hawaii Revised Statutes (HRS) § 6K-8 (2009).

The District Court of the Second Circuit (District Court) granted Defendants' motion to consolidate their cases for trial. Defendants filed a motion to dismiss the charges. After holding an evidentiary hearing over several days, the District Court denied Defendants' motion to dismiss by issuing its "Findings of Fact, Conclusions of Law and Order Denying Defendants' Motion to Dismiss."

The District Court subsequently held a trial based on the parties' stipulation as to evidence, which incorporated the evidence presented during Defendants' motion to dismiss. The District Court found Defendants guilty as charged. The District Court sentenced each of the Defendants to 25 hours of community service and $30 in fees.

Defendants appeal from the separate Judgments entered against them by the District Court on April 4, 2009.[3/] As explained below, we affirm the District Court's Judgments.

---

[1/] The term "reserve" is defined to mean "the Kaho'olawe island reserve," which is described as "the entire island of Kaho'olawe and those waters and submerged lands seaward of the shoreline of Kaho'olawe island to a distance of approximately two miles as shown on [an exhibit contained in the rules]." HAR §§ 13-261-2, 13-261-3 (2003).

[2/] The term "commission" is defined to mean "the Kaho'olawe island reserve commission." HAR § 13-261-2.

[3/] The Honorable Simone C. Polak presided over the proceedings at issue in this appeal.

I.

Defendants assert that they are native Hawaiians, that they are citizens of the Reinstated Kingdom of Hawai'i; that Noa was democratically elected as the Prime Minister of the Reinstated Kingdom of Hawai'i; and that the Reinstated Kingdom of Hawai'i was formed in 1999 to reestablish the Kingdom of Hawai'i as a sovereign nation.

The parties stipulated to the following facts:

> 1. On or about July 31, 2006, Defendants [Armitage, Kahookele, and Noa] entered the Kaho'olawe island reserve (Reserve) in the County of Maui, State of Hawai'i.
>
> . . . .
>
> 3. Defendants Armitage, Kahookele, and Noa entered the waters of the Reserve and landed on the island of Kaho'olawe in the area of Hakioawa.
>
> . . . .
>
> 7. Defendants were not specifically authorized by the commission or its authorized representative to enter into or remain within the Reserve as provided in [HAR] section 13-261-11 . . . . [4/]

---

4/ HAR § 13-261-11 (2002), provides in pertinent part:

(a) Any person required by this chapter to obtain commission authorization to enter into or conduct activity within the reserve shall apply for such authorization by making written application to the commission. The forms for such application may be obtained from the commission office. The application shall include:

(1) The applicant's name, address and telephone number;

(2) The dates and locations of the requested entrance;

(3) A description of the purposes of and activities associated with the entrance;

(4) The number and names of persons who will participate in the requested entrance; and

(5) A safety and logistics plan addressing transportation to and from the island, and safety protocols while in the reserve.

(6) A signed liability release waiver acknowledging and accepting full risk and responsibility for exposure to all natural and manmade hazards within the reserve including the potential presence of and contact with unexploded ordnance and other hazardous debris.

(7) Information pertinent to the basis of the applicant's claim

(continued...)

3

8.      Defendants did not make a written application to the commission for the authorization of entrance into and activity within the Reserve.

9.      Defendants were not specifically authorized to enter into or remain in the Reserve through a written agreement approved by the commission. [5/]

II.

On appeal, Defendants contend that the District Court erred in: (1) declining to make a determination of sovereignty and "to recognize the Reinstated Nation of Hawai'i as the sovereign native Hawai'ian entity"; (2) rejecting their defense to the charges based on their sovereignty claim; (3) concluding that Defendants' conduct was not protected by the privilege set forth in Article XII, Section 7 of the Hawai'i Constitution; and (4) rejecting Defendants' claim that the regulations they were alleged to have violated were unconstitutional.

We resolve Defendants' arguments on appeal as follows:

A.

With respect to the first two points, we conclude that the Hawai'i Supreme Court's recent decision in State v. Kaulia, 128 Hawai'i 479, 291 P.3d 377 (2013), is dispositive. In Kaulia, the supreme court considered Kaulia's claim that "the courts of the State of Hawai'i lacked subject matter jurisdiction over his criminal prosecution because the defense proved the existence of the Hawaiian Kingdom and the illegitimacy of the State of Hawai'i

---

4/ (...continued)
        to exercise traditional and customary rights if such rights are claimed.

        (b) Entrance into and activities within the reserve requested by applicants seeking to exercise traditional and customary rights and practices compatible with the law, shall be approved or disapproved by the commission after review and consultation with cultural practitioners.

5/ Defendants asserted that their purpose for entering the Reserve was (1) "to allow the Reinstated Kingdom of Hawaii to exercise its property rights in Kaho'olawe"; (2) "to allow the Reinstated Kingdom of Hawaii to proclaim beneficial ownership of Kaho'olawe"; and (3) "to allow representatives of the Reinstated Kingdom of Hawaii to build a heiau and perform a prayer on the site."

government." Id. at 486-87, 291 P.3d at 384-85. In rejecting this claim, the supreme court held:

> Kaulia appears to argue that he is immune from the court's jurisdiction because of the legitimacy of the Kingdom government. In that regard, we reaffirm that "[w]hatever may be said regarding the lawfulness" of its origins, "the State of Hawaiʻi . . . is now, a lawful government." State v. Fergerstrom, 106 Hawaiʻi 43, 55, 101 P.3d 652, 664 (App. 2004), aff'd, 106 Hawaiʻi 41, 101 P.3d 225 (2004). Individuals claiming to be citizens of the Kingdom and not of the State are not exempt from application of the State's laws. See id. at 55, 101 P.3d at 664; State v. Lorenzo, 77 Hawaiʻi 219, 883 P.2d 641 (App. 1994); State v. French, 77 Hawaiʻi 222, 883 P.2d 644 (App. 1994); Nishitani v. Baker, 82 Hawaiʻi 281, 921 P.2d 1182 (App. 1996); State v. Lee, 90 Hawaiʻi 130, 976 P.2d 444 (1999).
>
> Thus we also reject Kaulia's argument that the circuit court erred in precluding Kaulia from calling a witness to present evidence concerning the existence of the Kingdom in support of his Motion to Dismiss.

Id. at 487, 291 P.3d at 385 (emphasis added; brackets and ellipsis points in original).

Although Defendants assert that they are not attacking the District Court's jurisdiction, the essence of their claim is the same as that presented in Kaulia. Like Kaulia, Defendants contend that the "legitimacy" of the Reinstated Nation of Hawaiʻi as the sovereign native Hawaiian entity renders them "exempt from [the] application of the State's laws." See id. However, the supreme court held in Kaulia that individuals claiming to be citizens of an independent sovereign entity are not exempt from the application of the State's laws and therefore evidence concerning the existence of the independent sovereign entity was properly excluded. Id.

Based on Kaulia, we conclude that the District Court did not err in (1) rejecting Defendants' defense to the charges based on their sovereignty claims and (2) declining to make a determination of sovereignty and to recognize the Reinstated Nation of Hawaiʻi as the sovereign native Hawaiʻian entity.

B.

Defendants argue that the District Court erred in concluding that Defendants' conduct was not protected by the

5

privilege for customary and traditional native Hawaiian practices under Article XII, Section 7 of the Hawai'i Constitution. We disagree.

Article XII, Section 7 of the Hawai'i Constitution provides:

> The State reaffirms and shall protect all rights, customarily and traditionally exercised for subsistence, cultural and religious purposes and possessed by ahupua'a tenants who are descendants of native Hawaiians who inhabited the Hawaiian Islands prior to 1778, subject to the right of the State to regulate such rights.

The constitutional privilege afforded for native Hawaiian practices under Article XII, Section 7 is not absolute, but is subject to the State's right to regulate such practices. State v. Pratt, 127 Hawai'i 206, 213, 277 P.3d 300, 307 (2012). The supreme court has adopted a test requiring the balancing of interests under the totality of the circumstances in determining whether State regulations which impose limits on the protections afforded to native Hawaiian practices can be enforced. Id. at 213-18, 277 P.3d at 307-12.

Here, the regulations restricting access to the Reserve are necessary to protect public health and safety. The Historical Note to HAR § 13-261 states in relevant part:

> In recognition of the substantial amount of unexploded ordnance and hazardous materials present on the island and in the adjacent waters, institutional controls are required because of the imminent threat to public health and safety which will continue to exist until the Kaho'olawe island reserve has been cleared of unexploded ordnance and hazardous waste.

Moreover, the regulations establish a process under which persons seeking access to the Reserve to exercise traditional and customary native Hawaiian rights and practices may apply with the commission for approval. HAR § 13-261-11. Defendants admit that they did not attempt to use this process to obtain authorized access to the Reserve. Under the circumstances of this case, we conclude that the State was entitled to

prosecute Defendants for violating HAR § 13-261-10. See Pratt, 127 Hawai'i at 218, 277 P.3d at 312 (concluding that the defendant's claim of engaging in privileged native Hawaiian practices did not exempt him from prosecution for violating a State regulation restricting access to closed areas of a park, where the regulation was justified by the need to maintain the park for public use and to preserve the environment of the park and where the defendant did not attempt to obtain access to the park through available procedures).

C.

Defendants argue that the regulations they were alleged to have violated, which they identify as HAR §§ 13-261-10 and 13-261-11, are unconstitutional. Defendants contend that the regulations violate their fundamental rights as native Hawaiians and their First Amendment rights. We disagree.

The challenged regulations were promulgated by the Kaho'olawe Island Reserve Commission pursuant to statutory authority set forth in HRS Chapter 6K. Defendants were prosecuted for violating HAR § 13-261-10, which restricts access to the Reserve. As noted, HAR § 13-261-10 is supported by a compelling State interest to protect the public's health and safety. HAR § 13-216-11 establishes a process for people to seek authorization to enter or conduct activities within the Reserve, which requires the submission of a safety and logistics plan and includes consideration of requests based on the exercise of traditional and customary rights and practices.

We have already concluded that the protections provided by Article XII, Section 7 of the Hawai'i Constitution did not exempt Defendants from prosecution in this case. Defendants do not cite any persuasive authority or advance any convincing argument to support their claim that the challenged regulations are unconstitutional, and we reject their claim.

7

III.

The separate Judgments entered against Defendants by the District Court are affirmed.

DATED:   Honolulu, Hawaiʻi, April 30, 2013.

On the briefs:

Daniel G. Hempey
Charles Foster
(Hempey & Meyers LLP)
for Defendants-Appellants

Renee Ishikawa Delizo
Deputy Prosecuting Attorney
County of Maui
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge

8